UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

In re: APPLICATION OF ANN CIANFLONE, ESQUIRE
AND HINMAN, HOWARD & KATTELL, LLP FOR
AN ORDER QUASHING A SUBPOENA ISSUED          MISC. 3: 14-MC-63
ON NOVEMBER 19, 2014 BY JOSHUA W. MARTIN, III,
ARBITRATOR IN ARBITRATION NO. 16 148 462 13.

_____

**THOMAS J. McAVOY,**
Senior United States District Judge

# DECISION & ORDER

**I.    INTRODUCTION**

Ann Cianflone, Esq., and Hinman, Howard & Kattell, LLP, petition the Court for an Order quashing a subpoena *ad testificandum* and *duces tecum* issued by an arbitrator in an arbitration between Christopher J. Feeley and Andrea Akel. The arbitration concerns an employment and contractual dispute first litigated in the Delaware Chancery Court, which referred the matter to arbitration. Ms. Cianflone, an attorney, and Hinman, Howard & Kattell, LLP, a law firm, are not parties to the arbitration. They seek to quash the subpoena because, they contend, it is overly-burdensome and seeks privileged information. They also seek a Temporary Restraining Order preventing enforcement of the subpoena until this matter can be fully litigated.[1]

---

[1] The subpoena is returnable on December 10, 2014.

1

## II. DISCUSSION

The threshold issue is whether subject matter jurisdiction exists. *See D'Amico Dry Ltd. v. Primera Maritime (Hellas) Ltd.,* 756 F.3d 151, 161 (2d Cir. 2014) ("Federal courts have a duty to inquire into their subject matter jurisdiction *sua sponte*, even when the parties do not contest the issue."). The Court concludes that it does not.

Petitioners contend that federal question jurisdiction exists solely because the subpoena was issued pursuant to 9 U.S.C. § 7. However,

> [b]oth the Supreme Court and the Court of Appeals for this Circuit have held that Section 7 of the [Federal Arbitration Act ("FAA")] . . . does not, without more, confer subject matter jurisdiction on the federal courts. *See Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, ——, 128 S. Ct. 1396, 1402, 170 L. Ed.2d 254 (2008) ("As for jurisdiction over controversies touching arbitration, the Act does nothing, being 'something of an anomaly in the field of federal-court jurisdiction' in bestowing no federal jurisdiction but rather requiring an independent jurisdictional basis." (*citing Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25 n. 32, 103 S. Ct. 927, 74 L.Ed.2d 765 (1983)); *Stolt–Nielsen SA v. Celanese AG*, 430 F.3d 567, 572 (2d Cir. 2005) (same). Indeed, the Court of Appeals has been explicit that in circumstances such as these, "parties invoking Section 7 must establish a basis for subject matter jurisdiction independent of the FAA." *Stolt–Nielsen SA*, 430 F.3d at 572.

*In re Calyon for an Order Quashing Subpoenas Issued by Francois Pages in Financial Industry Regulation Arbitration No. 08-01653*, 2009 WL 1025995, at * 1 (S.D.N.Y., April 13, 2009).

The subpoena was not issued by this Court or in connection with a matter now or previously pending in this Court. There exists no 28 U.S.C. § 1331 subject matter jurisdiction solely by virtue of the fact that the subpoena was issued pursuant to 9 U.S.C. § 7.

Petitioners also argue that there exists diversity of citizenship jurisdiction because

the parties in the underlying arbitration "are diverse and the amount in controversy exceeds $75,000.00." DiBenedetto Decl., ¶ 6. Even if these facts are true, however, the controversy before the Court is not the dispute forming the basis of the arbitration. Rather, the controversy before the Court is whether the arbitration subpoena should be enforced. Thus, even assuming, *arguendo,* that all parties involved in *this* matter are sufficiently diverse, there is no allegation or plausible indication that the amount in controversy in *this* matter exceeds $75,000.00. Thus, there exists no basis to conclude that 28 U.S.C. § 1332 subject matter jurisdiction exists.

Having found that neither federal question nor diversity of citizenship subject matter jurisdiction exists, the motion must be denied and the matter dismissed. *See Durant, Nichols, Houston, Hodgson & Cortese–Costa P.C. v. Dupont*, 565 F.3d 56, 62 (2d Cir. 2009) ("If subject matter jurisdiction is lacking and no party has called the matter to the court's attention, the court has the duty to dismiss the action *sua sponte*.").

## III. CONCLUSION

For the reasons discussed above, Petitioners' Motion for a Temporary Restraining Order and to Quash an Arbitration Subpoena, [dkt. # 1], is DENIED for lack of subject matter jurisdiction, and the Petition is DISMISSED.

Petitioners' counsel is ORDERED to forthwith serve a copy of this DECISION and ORDER on counsel for Andrea Akel and Christopher J. Feeley, and on Arbitrator Joshua W. Martin, III.

The Clerk of the Court may mark this file as closed.

**IT IS SO ORDERED.**

**Dated:** December 4, 2014

                                                                             _____
                                                                             Thomas J. McAvoy
                                                                             Senior, U.S. District Judge